UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE CASTILLO GONZALEZ (A-028-696-968),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-CV-04357-DC-CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Rene Castillo Gonzalez (A-028-696-968), a citizen and native of Nicaragua who became a lawful permanent resident, filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  During his time in the United States, petitioner has been arrested by local authorities and convicted of multiple different offenses.  On September 23, 2025, petitioner was taken into ICE custody from North Kern State Prison.  This habeas action concerns petitioner's detention.  For the reasons that follow, the Court recommends granting respondents' motion to dismiss the petition and dismissing the petition for a writ of habeas corpus.

I.      FACTUAL BACKGROUND

Petitioner is a citizen and native of Nicaragua.  (ECF No. 7 at 1; ECF No. 7-1 at 1.)

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

Petitioner entered the United States on an unknown date, and became a lawful permanent resident on November 29, 1989.  (ECF No. 7 at 1; ECF No. 7-1 at 2; see ECF No. 1 at 5.)

Petitioner has been arrested by local authorities on multiple different occasions and has sustained convictions for multiple different offenses.  (ECF No. 7 at 1-2; ECF No. 7-1 at 3-4; ECF No. 7-2.)  Respondents focus on the conviction that serves as the basis for their assertion that petitioner is mandatorily detained under 8 U.S.C. § 1226(c)(1)(B):  On February 19, 2013, Petitioner was convicted under California Health and Safety Code § 11379(a) for the sale of methamphetamine.  (See ECF No. 7 at 1-2; ECF No. 7-1 at 3-4; ECF No. 7-3.)  Petitioner sustained multiple convictions for other offenses before and after February 2013, including various firearms offenses, other controlled substances offenses, taking a vehicle without consent, and battery.  (See ECF No. 7-1 at 3-4; ECF No. 7-2.)

On September 23, 2025, petitioner was taken into ICE custody from North Kern State Prison and was charged with removability under 8 U.S.C. § 1227(a)(2)(B)(i) based on this 2013 conviction for the sale of methamphetamine.  (ECF No. 7-1 at 2; ECF No. 7-4.)

On May 26, 2026, an immigration judge denied petitioner's release on bond based on danger where petitioner sustained many criminal convictions.  (ECF No. 7-5 at 1-2.)

## II.    PROCEDURAL BACKGROUND

On June 8, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel.  (ECF Nos. 1, 2.)  On June 17, 2026, respondents timely filed a motion to dismiss the petition. (ECF No. 7.)  Petitioner did not file a response.  Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing

2

the legality of Executive detention, and it is in that context that its protections have been strongest."
I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges
to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules
Governing Section 2254 Cases in the United States District Court.  The provisions of Rule 4,
which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If
it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to
relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the
petitioner."  The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a
petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to
respondents' motion to dismiss, or after an answer to the petition has been filed.

**IV.     DISCUSSION**

Petitioner raises a Fifth Amendment due process claim for prolonged detention that
exceeds six months.  (See ECF No. 1 at 16-17.)

In analyzing petitioner's challenge to his detention, the court "must first identify the
statutory provision that purports to confer" authority for his detention.  Prieto-Romero v. Clark,
534 F.3d 1053, 1057 (9th Cir. 2008).  Respondents argue that petitioner is subject to mandatory
detention pursuant to 8 U.S.C. § 1226(c)(1)(B) based on petitioner's February 2013 conviction
for violating California Health and Safety Code § 11379(a) for the sale of methamphetamine, a
controlled substance listed on the Controlled Substances Act.  (ECF No. 7 at 1-3.)  Petitioner does
not respond to or dispute that he is detained pursuant to § 1226(c).[2]  See Docket.

Section 1226(c)(1)(B) mandates detention of any noncitizen who is deportable for

---

[2]  Respondents further argue that if petitioner were to contest his detention pursuant to § 1226(c) in this habeas proceeding, petitioner has not exhausted his administrative remedies where he has not sought a Joseph hearing.  (ECF No. 7 at 3.)  The Supreme Court has explained that:  "This 'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c).  At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."  Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).  Because petitioner does not respond to or dispute that he is detained pursuant to § 1226(c), the Court need not reach whether petitioner exhausted such a claim.

3

committing any offense covered in 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D).  Section 1227(a)(2)(B)(i) covers convictions for the violation of any state or federal law relating to a controlled substance as defined in 21 U.S.C. §  802, other than a single offense for marijuana possession.  Based on the record before the Court, which includes petitioner's criminal conviction records for violating California Health and Safety Code § 11379(a) for the sale of methamphetamine, the Court concludes that petitioner is detained pursuant to § 1226(c)(1)(B) because he is removable for committing an offense under 8 U.S.C. § 1227(a)(2)(B)(i).

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).  This does not end the inquiry, however, because petitioner has raised a due process claim.  While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)).  "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably

4

prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-1669 RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). Here, petitioner did in fact receive a bond hearing on May 26, 2026, and an immigration judge issued an order denying

bond on the basis of danger given petitioner's many criminal convictions. (See ECF No. 7-5.) Petitioner does not respond to or dispute this.[3] (See Docket.) Therefore, the Court concludes that even if petitioner has a protected liberty interest given his detention for approximately ten months, petitioner received the process he was due where he received an individualized bond determination by an immigration judge, who denied bond based on danger. The Court therefore recommends granting the motion to dismiss and dismissing the petition for writ of habeas corpus.

**V.    MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI.    CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1.  Respondents' motion to dismiss (ECF No. 7) be granted.

2.  The petition for writ of habeas corpus (ECF No. 1) be dismissed.

3.  The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court

---

[3]  The Court further notes that the petition does not raise a challenge to the constitutionality of the bond determination. (See ECF No. 1.) Respondents further note that petitioner had until June 25, 2026 to appeal the immigration judge's denial of bond. (ECF No. 7 at 2.)

6

and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/cast.4357.imm.frs

7